U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 3 0 2008

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRIAN KEITH MCGILL, ID # 1307919,      )
                    Petitioner,         )
vs.                                     )       No. 3:08-CV-1581-D (BH)
                                        )       ECF
NATHANIEL QUARTERMAN, Director,         )       Referred to U.S. Magistrate Judge
Texas Department of Criminal            )
Justice, Correctional Institutions Division,   )
                    Respondent.         )

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction for possession of controlled substance. (*See* Pet. Writ Habeas Corpus (Pet.) at 2.) Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On June 3, 2005, petitioner was convicted for possession with intent to deliver cocaine in Cause No. F04-58422-IMV. *See McGill v. State*, No. 05-04-0904-CR, http://www.courtstuff.com/ FILES/05/05/05050904.HTM (docket sheet information generated Oct. 27, 2008) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas). On August 22, 2006, the court of appeals affirmed the conviction. *See id.*

In the instant petition, petitioner asserts four grounds for relief – (1) ineffective assistance of counsel; (2) factual insufficiency of the evidence; (3) trial court error; and (4) involuntary plea. (Pet. at attached pages.)[1] He concedes that he has filed a previous federal habeas petition that challenges the same conviction challenged in this action. (*See id.* ¶ 21 (noting one prior habeas action).) He further contends that he has an additional ground five, but no grounds have been raised for the first time in this petition. (*See id.* ¶ 22.)

Petitioner has challenged his possession conviction four times before in federal court by way of a § 2254 petition. *See McGill v. Quarterman*, No. 3:06-CV-1705-G (N.D. Tex.) (Pet. received Sept. 18, 2006); *McGill v. Quarterman*, No. 3:07-CV-1390-M (N.D. Tex.) (Pet. received Aug. 13, 2007); *McGill v. Quarterman*, No. 3:07-CV-1439-M (N.D. Tex.) (Pet. received Aug. 13, 2007); *McGill v. Quarterman*, No. 3:08-CV-0737-G (N.D. Tex.) (Pet. received Apr. 28, 2008). The first and third actions were dismissed because petitioner had not exhausted his state remedies. The Court denied the second action on the merits, and dismissed the most recent petition as successive.

Because petitioner has filed previous federal petitions to challenge his possession conviction, the Court must determine whether the instant petition is a second or successive application within the meaning of 28 U.S.C. § 2244(b).

## II. SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. *See* 28 U.S.C. § 2244 (b). Under Fifth Circuit precedent, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction

---

[1] The petition lists five grounds for relief, but two of them assert ineffective assistance of counsel claims.

or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[2] A petition that is literally second or successive, however, is not a second or successive application for purposes of AEDPA if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." 523 U.S. at 645.

In this case, two of petitioner's previous petitions were not dismissed because of any prematurity or lack of exhaustion. Under *Orozco-Ramirez* and *Crone*, petitioner was therefore required to present all available claims in his first federal petition that was not dismissed for lack of exhaustion.

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

---

[2] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. In the present context, this Court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Petitioner has challenged his June 3, 2005 drug conviction in four prior federal petitions, one of which was decided on the merits and another dismissed as successive. The instant federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his first petition that was not dismissed on grounds of exhaustion.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B). The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief.

Although it is appropriate for the Court to dismiss the instant successive § 2254 petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it is

also appropriate in some circumstances to transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002*); In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the Circuit and establishing procedures in the Circuit to handle such transfers). In this instance, a dismissal without prejudice appears most appropriate. This Court has already informed petitioner that he must seek leave from the Fifth Circuit to file a second or successive petition. By filing this successive petition for writ of habeas corpus without first obtaining leave from the Fifth Circuit, petitioner has abused the judicial process. In addition, petitioner showed a lack of candor to the Court, and further abused the judicial process by affirmatively stating that he had filed one prior federal habeas petition to challenge his 2005 possession conviction when he had filed four prior petitions to challenge that conviction in federal court.

Because the petition sought to be filed in this action is successive, and because the Fifth Circuit has not granted petitioner authorization to file a successive petition, the Court should dismiss the instant action without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals.

### III. SANCTIONS

As noted above, petitioner has filed four prior federal habeas actions relating to his 2005 possession conviction which he challenges herein. He also exhibited a lack of candor when he identified only one prior federal habeas action. The Court thus considers the propriety of sanctions.

The federal courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and

5

authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

In view of petitioner's litigation history, the Court deems it appropriate to admonish or warn him that sanctions may be imposed, if he makes further misstatements of fact to the Court or files another successive habeas petition without first obtaining authorization from the Fifth Circuit. Should petitioner persist with his legal maneuvering, he should be monetarily sanctioned and barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Court **DISMISS** the instant action without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals. The Court should also **WARN** petitioner that, if he makes further misstatements of fact to the Court or files another successive habeas petition without first obtaining leave from the Fifth Circuit, he will be subject to sanctions, up to and including monetary sanctions payable to the Court and being barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

**SIGNED this 30th day of October, 2008.**

_(signature)_

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. _Douglass v. United Services Auto. Ass'n_, 79 F.3d 1415, 1428-29 (5th Cir. 1996) _(en banc)_.

_(signature)_

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE